UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS C. WILLIAMS, *Director of Constituents*,

                                 **Plaintiff,**

  vs.                                                 3:24-CV-268
                                                       (MAD/ML)

**BINGHAMTON CITY POLICE,**

                                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**THOMAS C. WILLIAMS**
Broome County Correctional Facility
P.O. Box 2047
Binghamton, New York 13902-2047
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On February 23, 2024, *pro se* Plaintiff Thomas C. Williams ("Plaintiff") filed a complaint, *see* Dkt. No. 1, a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, and a motion to appoint counsel. *See* Dkt. No. 3. On June 11, 2024, Plaintiff filed an amended IFP application. *See* Dkt. No. 10. On July 3, 2024, Magistrate Judge Lovric issued a Report-Recommendation and Order granting Plaintiff's amended IFP application, denying Plaintiff's motion for appointment of counsel, and recommending that Plaintiff's complaint be dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 6. Plaintiff filed a letter on July 19, 2024. *See* Dkt. No. 14.

1

For a complete recitation of relevant background as alleged in the initial complaint, the Court refers to Magistrate Judge Lovric's Report-Recommendation and Order.  *See* Dkt. No. 12.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specific proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has stated that the court is obligated to "make reasonable

2

allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

After Magistrate Judge Lovric's Report-Recommendation and Order was filed, Plaintiff filed a letter which does not address the recommendation. *See* Dkt. No. 14. Plaintiff's letter appears to assert several additional claims, including listing violations of N.Y. Pen. Law §§ 120.16, 265.03, 120.14, 195.08.[1] *See id.* at 2. Plaintiff makes several references to "Washington D.C. Capital Court" and appears to request an "order of [his] release and order for accommodations" in D.C., and "$300.00 a day in cash allowance," "food, hotel," and a "personnel [sic] vehicle provided to [him] to get around in regarding other charges on the police and sheriffs[.]" *Id.* Plaintiff's letter also requests an "order of [his] release due to, and not limited to, arrest was without warrant out of zone, I have concealed certificate (Virginia)[.]" *Id.* at 3. It is unclear from Plaintiff's letter whether he intends to respond to Magistrate Lovric's Report-Recommendation and Order, to assert additional claims, or to address the separate matter of his current incarceration.

Even when construed liberally, Plaintiff's letter fails to contain a specific challenge to a finding or conclusion contained in the Report-Recommendation and Order. To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that the plaintiff's objections to the magistrate's report and recommendation were

---

[1] Plaintiff writes "§ 190.08 Obstructing Governmental administration by means of a self-defense spray device" which refers to N.Y. Pen. Law § 195.08.

"not specific enough to preserve [his] claim for review" because the objections only contained one sentence addressing the report and recommendation and did not address "specific findings or recommendations to which he objected and why" or any "legal authority").  Therefore, the Report-Recommendation and Order is subject only to clear-error review.

As Magistrate Judge Lovric correctly noted, the complaint does not meet the pleading guidelines provided in Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 12 at 6.  Magistrate Judge Lovric also correctly determined that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted because the complaint does not allege that Plaintiff is an individual with a disability as required to state a claim under the Americans with Disabilities Act, *see id.* at 7, or that Plaintiff had an employee-employer relationship with Defendant, as required to assert a claim pursuant to Title VII of the Civil Rights Act.  *See id.* at 8.  Neither does the complaint allege facts plausibly suggesting that Defendant violated any of Plaintiff's federal rights.  *See id.* at 8.

The Court agrees with Magistrate Judge Lovric that, given Plaintiff's *pro se* status, he should be afforded the chance to amend his complaint to clearly present any probative facts giving rise to the claims and demonstrating the specific involvement of any named Defendants – particularly as relates to any claims for constitutional deprivations.  *See id.* at 9-10.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 29, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge